IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY and ALLSTATE TEXAS LLOYD'S, § § § *Plaintiffs,* § § v. § § DANIEL C. MARKEL, § § *Defendant.* § § | CIVIL ACTION NO:3:11-cv-00540 |

## FINAL JUDGMENT

After Plaintiffs, Allstate Indemnity Company and Allstate Texas Lloyd's, filed a Motion for Summary Judgment against Defendant, Daniel C. Markel, Plaintiffs and Defendant entered into a Joint Stipulation and Agreed Order. After considering the motion, stipulation, and agreed order, the Court hereby finds that:

(1) The lawsuit styled *Susor Enterprises, Inc. & Scott Susor v. Daniel C. Markel, a/k/a psa9dude, psa9putz, slushfunds, mr-bargain-hunter, apollocat, mondo.card.company*, Cause No. 2009-60185, in the 61st Judicial District Court of Harris County, Texas (the "Underlying Lawsuit") did not allege an "occurrence" or any covered damages, either "bodily injury" or "property damage," as was required to trigger a duty to defend Mr. Markel under the homeowners' policy issued by Allstate Texas Lloyd's;

(2) Under the terms of the Personal Umbrella Policy, Allstate Indemnity had the option, but not the contractual obligation, to defend Mr. Markel in the Underlying Lawsuit.

In consideration of these findings, the Court hereby GRANTS Allstate Indemnity Company and Allstate Texas Lloyd's Motion for Summary Judgment in its entirety, and it is therefore hereby ADJUDGED, ORDERED, AND DECREED that:

(1) Neither Allstate Indemnity Company nor Allstate Texas Lloyd's had a duty to defend Mr. Markel under his personal umbrella policy or his homeowners' policy in the Underlying Lawsuit;

(2) Neither Allstate Indemnity Company nor Allstate Texas Lloyd's has a duty to reimburse Mr. Markel under his personal umbrella policy or his homeowners' policy for any defense costs incurred in the Underlying Lawsuit.

(3) All other issues raised in Plaintiffs' Motion for Summary Judgment, including the applicability of the business pursuits exclusions contained in both the personal umbrella policy and the homeowners' policy, are moot.

SIGNED ON THIS _____ DAY OF _____, 2012.

_____
JUDGE PRESIDING

**APPROVED AS TO FORM
AND ENTRY REQUESTED BY:**

*[signature]*
Ronald J. Restrepo
State Bar No. 16791300
So. District Bar No. 920
Jamie M. Cohen
State Bar No. 24054524
So. District Bar No. 1043452
600 Travis Street, Suite 4700
Houston, Texas 77002
(713) 228-5100 (telephone)
(713) 228-6138 (facsimile)

*Attorneys for Plaintiffs, Allstate Texas Lloyd's
and Allstate Indemnity Company*

/s/ Brenton J. Allison
_____
Brenton J. Allison
State Bar No. 24040417
So. District Bar No. 36863
Douglas T. Gilman
State Bar No. 24048496
So. District Bar No. 596954
GILMAN & ALLISON L.L.P.
9307 Broadway, Suite 407
Pearland, Texas 77584
(713) 224-6622 (telephone)
(866) 543-3643 (facsimile)

*Attorneys for Defendant, Daniel C. Markel*